UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA LOPEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COOPER AIR FREIGHT SERVICE | ) Case No.: |
| INC., d/b/a COOPER FREIGHT | ) |
| SERVICE, INC. & JAMES McGARY | ) |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, MARIA LOPEZ, by and through her attorneys, THE LAW OFFICES OF McCREADY, GARCIA & LEET, P.C., and for her Complaint against the Defendants, COOPER AIR FREIGHT SERVICE, INC., d/b/a COOPER FREIGHT SERVICE, INC. & JAMES McGARY, states as follows:

## PARTIES

1. At all times pertinent to this Complaint, Plaintiff MARIA LOPEZ ("Ms. Lopez") was and is a domiciled resident of the City of Chicago, County of Cook, State of Illinois.

2. At all times pertinent to this Complaint, Defendant, COOPER AIR FREIGHT SERVICE, INC., d/b/a COOPER FREIGHT SERVICE, INC., ("Cooper"), was and is a Tennessee Corporation, with its principal place of business located in the City of Memphis, County of Shelby, State of Tennessee.

3. At all times pertinent to this Complaint, Defendant, JAMES McGARY, ("Mr. McGary") was and is a domiciled resident of Greenville, Mississippi.

## JURISDICTION & VENUE

4. This matters pertains to a motor vehicle incident in which the Plaintiff suffered significant injuries including not limited to a burn to her arm, neck pain, and back pain.

5. Plaintiff's incurred medical bills from this incident are still being calculated but at this time exceed $485,000.00.

6. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7. Jurisdiction of this Court is provided by 28 U.S.C. § 1332 due to diversity of citizenship of the Plaintiff and Defendants and the amount in controversy exceeding $75,000.00.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because Plaintiff resides in the District, Defendants conduct business in the District, and all events giving rise to Plaintiff's claims occurred within this District.

## COUNT I – NEGLIGENCE
*Maria Lopez v. Cooper Air Freight Service, Inc., d/b/a Cooper Freight Service, Inc.*

1. Plaintiff, Ms. Lopez, incorporates Paragraphs 1-8 of this Complaint as though fully set forth in this Paragraph.

2. At all times pertinent to this Complaint, Defendant Mr. McGary was acting within the scope of his employment for Defendant Cooper.

3. At all times pertinent to this Complaint, Defendant Mr. McGary was acting under the authority of Defendant Cooper as an employee/agent/servant to Defendant Cooper,

4. At all times pertinent to this Complaint, Defendant Cooper owned, managed, maintained, and/or controlled the semi-truck involved in a crash with Ms. Lopez's vehicle.

5. At all times pertinent to this Complaint, Defendant Cooper by and through its agent/servant/employee Defendant McGary operated, occupied, managed, maintained,

and/or controlled the semi-truck involved in a crash with Ms. Lopez's vehicle.

6. On May 19, 2022, Plaintiff was operating and occupying her vehicle and traveling southbound on I-55 South of Harlem Avenue in Lane 4 in the City of Chicago, County of Cook, State of Illinois.

7. At all times pertinent to this Complaint, Defendant Cooper by and through its agent/servant/employee Defendant McGary operated, occupied, and/or controlled a semi-truck traveling southbound on I-55 South of Harlem Avenue at the intersection in Lane 3 in the City of Chicago, County of Cook, State of Illinois.

9. At all times pertinent to this Complaint, Defendant Cooper's vehicle by and through its agent/servant/employee Defendant McGary drifted too far into Lane 4 and struck the rear end of Ms. Lopez's vehicle.

8. At all times pertinent to this Complaint, Plaintiff was exercising reasonable care for her safety and was free from contributory negligence.

9. At all times pertinent to this Complaint, it was the duty of the Defendant Cooper by and through its agent/servant/employee Defendant McGary to operate his vehicle with reasonable care for the safety of the Plaintiff and others on the roadway.

10. Defendant Cooper by and through its agent/servant/employee McGary breached this duty and was negligent in one or more of the following ways:

   a. Operated or owned a motor vehicle that was in a collision with another motor vehicle operated by Plaintiff;
   b. Failed to drive at a speed which was reasonable and proper with regard to traffic conditions in violation of 625 ILCS 5/11-601;
   c. Failed to decrease speed in order to avoid colliding with a person or vehicle in violation of 625 ILCS 5/11-601;
   d. Operated a motor vehicle on a roadway while using an electronic communication device in violation of 625 ILCS 5/12-610.2;

    e. Improperly overtook the plaintiff's vehicle on the right in violation of 625 ILCS 5/11-704;
    f. Carelessly and negligently failed to keep proper lookout for other vehicles on the roadway;
    g. Failed to stay within a single lane in violation of 625 ILCS 5/11-709;
    h. Was otherwise careless or negligent.

11. As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of Defendant Cooper by and through its agent/servant/employee Defendant McGary, the Plaintiff suffered injuries of a personal, pecuniary, and permanent nature.

WHEREFORE, Plaintiff, MARIA LOPEZ, demands judgment against Defendant COOPER AIR FREIGHT SERVICE, INC., d/b/a COOPER FREIGHT SERVICE, INC., in an amount in excess of the jurisdictional minimum of $75,000.00 an any other relief the Court deems just or equitable.

## COUNT II – NEGLIGENCE
*Maria Lopez v. James McGary*

1. Plaintiff, Ms. Lopez, incorporates Paragraphs 1-8 of this Complaint as though fully set forth in this Paragraph.

2. At all times pertinent to this Complaint, Defendant Mr. McGary was acting within the scope of his employment for Defendant Cooper.

3. At all times pertinent to this Complaint, Defendant Mr. McGary was acting under the authority of Defendant Cooper as an employee/agent/servant to Defendant Cooper,

4. At all times pertinent to this Complaint, Defendant Cooper owned, managed, maintained, and/or controlled the semi-truck involved in a crash with Ms. Lopez's vehicle.

5. At all times pertinent to this Complaint, Defendant McGary, as agent/servant/employee of Defendant Cooper operated, occupied, managed, maintained, and/or controlled the semi-truck involved in a crash with Ms. Lopez's vehicle.

6. On May 19, 2022, Plaintiff was operating and occupying her vehicle and traveling southbound on I-55 South of Harlem Avenue in Lane 4 in the City of Chicago, County of Cook, State of Illinois.

7. At all times pertinent to this Complaint, Defendant Mr. McGary as agent/servant/employee of Defendant Cooper operated, occupied, and/or controlled a semi-truck traveling southbound on I-55 South of Harlem Avenue at the intersection in Lane 3 in the City of Chicago, County of Cook, State of Illinois.

10. At all times pertinent to this Complaint, Defendant Cooper's vehicle operated & controlled by Defendant McGary as agent/servant/employee of Defendant Cooper drifted too far into Lane 4 and struck the rear end of Ms. Lopez's vehicle.

8. At all times pertinent to this Complaint, Plaintiff was exercising reasonable care for her safety and was free from contributory negligence.

9. At all times pertinent to this Complaint, it was the duty of the Defendant McGary as agent/servant/employee of Defendant Cooper to operate his vehicle with reasonable care for the safety of the Plaintiff and others on the roadway.

10. Defendant McGary as agent/servant/employee of Defendant Cooper breached this duty and was negligent in one or more of the following ways:

   a. Operated or owned a motor vehicle that was in a collision with another motor vehicle operated by Plaintiff;
   b. Failed to drive at a speed which was reasonable and proper with regard to traffic conditions in violation of 625 ILCS 5/11-601;
   c. Failed to decrease speed in order to avoid colliding with a person or vehicle in violation of 625 ILCS 5/11-601;
   d. Operated a motor vehicle on a roadway while using an electronic communication device in violation of 625 ILCS 5/12-610.2;
   e. Improperly overtook the plaintiff's vehicle on the right in violation of 625 ILCS 5/11-704;

      f. Carelessly and negligently failed to keep proper lookout for other vehicles on the roadway;
      g. Failed to stay within a single lane in violation of 625 ILCS 5/11-709;
      h. Was otherwise careless or negligent.

11. As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of Defendant McGary as agent/servant/employee of Defendant Cooper, the Plaintiff suffered injuries of a personal, pecuniary, and permanent nature.

WHEREFORE, Plaintiff, MARIA LOPEZ, demands judgment against Defendant James McGary, in an amount in excess of the jurisdictional minimum of $75,000.00 an any other relief the Court deems just or equitable.

                                                          Respectfully submitted,

                                                          Jess D. Jordan, Esq.
                                                          *Attorney for Plaintiff*

McCready, Garcia & Leet P.C.
200 W. Madison Ave. Ste. 2400
Chicago, IL 60606
(t) (773) 779-9885
(f) (773) 373-2375
Service@McCreadyLaw.com